UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

   - v. -

TRACY SHELDON,
   a/k/a "Tracy Zeske," and
CHAD ZESKE,

                 Defendants.

- - - - - - - - - - - - - - - - - -

(Unsealed 1/22/20)

**SEALED INDICTMENT**

20 Cr.

20-M-609

20 CRIM 013

**COUNT ONE**
(Conspiracy to Unlawfully Distribute Controlled Substances and Controlled Substance Analogues)

The Grand Jury charges:

THE SYNTHETIC CANNABINOIDS DISTRIBUTION SCHEME

1. From at least in or about 2013, up to and including in or about 2019, in the Southern District of New York and elsewhere, TRACY SHELDON, a/k/a "Tracy Zeske," and CHAD ZESKE, the defendants, operated and participated in a scheme to distribute massive wholesale and retail quantities of smokeable synthetic cannabinoids ("SSC"), containing controlled substances and controlled substance analogues, throughout the United States. SHELDON and ZESKE also participated in the importation of synthetic cannabinoids from China to supply the SSC distribution scheme.

2. TRACY SHELDON, a/k/a "Tracy Zeske," and CHAD ZESKE, the defendants, operated an unlawful, covert drug distribution business that imported synthetic cannabinoids from China, including through the Southern District of New York, and sold wholesale and retail quantities of SSC, colloquially referred to as "K2" or "Spice," which included dried, shredded plant material onto which the imported synthetic cannabinoid chemicals had been sprayed, and liquids containing synthetic cannabinoid chemicals for users to vaporize and inhale with e-cigarettes or other similar devices. The defendants used stores purporting to be legal "smoke shops" in Michigan and Wisconsin to clandestinely sell SSC, some of which was branded with colorful graphics and distinctive names, including "Scooby Snax," "Monkey Funky," "Scorpion King," "Hawaiian Bliss," "Blackout," "El Diablo," "Dead Man," "Mind Trip," and "Evil." The branded SSC were sometimes misleadingly marked "not for human consumption," "potpourri," or "incense." The defendants also distributed synthetic cannabinoids they imported from China to other manufacturers and distributors located elsewhere in the United States.

3. In or about January 2018, a minor purchased SSC from one of the defendants' "smoke shops" and, while attending high school, suffered an acute medical episode following use of

the SSC, including severe vomiting, loss of consciousness, and difficulty breathing. Shortly thereafter, TRACY SHELDON, a/k/a "Tracy Zeske," the defendant, informed a co-conspirator not named herein ("CC-1") by text message that she did not need additional supply of "bottles for a bit" because she "had some younger kids get there [sic] hands on them" and "have [a] bad result," which she described as a "seizure," so she was "really limiting her sales for a bit," though she would "take them if [CC-1] made them" already. SHELDON further told CC-1 by text message that she is "very selective with who gets those," but that, in light of the "seizure," she was going to "cut almost everyone off for a bit." When CC-1 asked if she was concerned about law enforcement scrutiny, SHELDON responded, "No I talked to some people [and] don't think [the minor victim] said anything but just in case I'm keeping it on the very down low."

4. CHAD ZESKE, the defendant, among other things, communicated with CC-1 in furtherance of wholesale SSC transactions, sent payments to CC-1 to execute those transactions, and orchestrated retail sales of SSC working together with TRACY SHELDON, a/k/a "Tracy Zeske," the defendant.

5. SSC, which can be addictive, are often marketed as safe, legal alternatives to marijuana. In fact, SSC are not safe and may affect the brain much more powerfully than

3

marijuana; their actual effects can be unpredictable and, in some cases, more dangerous or even life-threatening.

STATUTORY ALLEGATIONS

6. From at least in or about 2013, up to and including in or about 2019, in the Southern District of New York and elsewhere, TRACY SHELDON, a/k/a "Tracy Zeske," and CHAD ZESKE, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the controlled substance laws of the United States.

7. It was a part and an object of the conspiracy that TRACY SHELDON, a/k/a "Tracy Zeske," and CHAD ZESKE, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances and controlled substance analogues, in violation of Title 21, United States Code, Section 841(a)(1).

8. The controlled substance that TRACY SHELDON, a/k/a "Tracy Zeske," and CHAD ZESKE, the defendants, conspired to distribute and possess with intent to distribute, was, from on or about December 28, 2018, until in or about 2019, mixtures and substances containing a detectable amount of N-[[1-(5-fluoropentyl)-1H-indol-3-yl]carbonyl]-3-methyl-L-valine, methyl ester (known as "5F-MDMB-PICA," "MDMB-2201," and "5-flouro-MDMB-

2201"), in violation of Title 21, United States Code, Section 841(b)(1)(C).

9. The controlled substance analogues that TRACY SHELDON, a/k/a "Tracy Zeske," and CHAD ZESKE, the defendants, conspired to distribute and possess with intent to distribute, were: (i) from in or about January 2013, until on or about May 16, 2013, mixtures and substances containing a detectable amount of [1-(5-Fluoro-pentyl)1H-indol-3-yl](2,2,3,3-tetramethyl cyclopropyl)methanone (known as "XLR-11," "XLR11," and "F-Fluoro-UR-144"), a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), of 1-naphthalenyl(1-pentyl-1H-indol-3-yl)-methanone (known as "JWH-018" and "AM678"), that was intended for human consumption and is treated as a controlled substance in Schedule I of the Controlled Substances Act, in violation of Title 21, United States Code, Sections 813 and 841(b)(1)(C); (ii) from on or about February 10, 2014, until in or about 2019, mixtures and substances containing a detectable amount of methyl (2S)-2-(1-(4-fluoropentyl)-1H-indazole-3-carboxamido)-3,3-dimethylbutanoate (known as "4F-ADB" and "4-fluoro MDMB-PINACA"), a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), of N-[[1-(5-fluoropentyl)-1H-indazol-3-yl]carbonyl]-L-valine, methyl ester

5

(known as "5F-AMB," "5-fluoro AMB," and "5-fluoro MMB-PINACA"), that was intended for human consumption and is treated as a controlled substance in Schedule I of the Controlled Substances Act, in violation of Title 21, United States Code, Sections 813 and 841(b)(1)(C); and (iii) from on or about April 10, 2017, until on or about December 28, 2018, mixtures and substances containing a detectable amount of N-[[1-(5-fluoropentyl)-1H-indol-3-yl]carbonyl]-3-methyl-L-valine, methyl ester (known as "5F-MDMB-PICA," "MDMB-2201," and "5-flouro-MDMB-2201"), a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), of methyl 2-(1-(5-fluoropentyl)-1H-indazole-3-carboxamido)-3,3-dimethylbutanoate) (known as "5F-ADB" and "5F-MDMB-PINACA"), that was intended for human consumption and is treated as a controlled substance in Schedule I of the Controlled Substances Act, in violation of Title 21, United States Code, Sections 813 and 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

## COUNT TWO
(Conspiracy to Unlawfully Import Controlled Substances and Controlled Substance Analogues)

The Grand Jury further charges:

10. The allegations set forth in Paragraphs 1 through 5 above are repeated and re-alleged as if set forth fully herein.

6

11. From at least in or about 2013, up to and including in or about 2019, in the Southern District of New York and elsewhere, TRACY SHELDON, a/k/a "Tracy Zeske," and CHAD ZESKE, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the controlled substance laws of the United States.

12. It was a part and an object of the conspiracy that TRACY SHELDON, a/k/a "Tracy Zeske," and CHAD ZESKE, the defendants, and others known and unknown, would and did import into the United States and into the customs territory of the United States from a place outside thereof controlled substances and controlled substance analogues, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

13. The controlled substance that TRACY SHELDON, a/k/a "Tracy Zeske," and CHAD ZESKE, the defendants, conspired to import into the United States and into the customs territory of the United States from a place outside thereof, was, from on or about December 28, 2018, until in or about 2019, mixtures and substances containing a detectable amount of N-[[1-(5-fluoropentyl)-1H-indol-3-yl]carbonyl]-3-methyl-L-valine, methyl ester (known as "5F-MDMB-PICA," "MDMB-2201," and "5-flouro-MDMB-

7

2201"), in violation of Title 21, United States Code, Section 960(b)(3).

14. The controlled substance analogues that TRACY SHELDON, a/k/a "Tracy Zeske," and CHAD ZESKE, the defendants, conspired to import into the United States and into the customs territory of the United States from a place outside thereof, were: (i) from in or about January 2013, until on or about May 16, 2013, mixtures and substances containing a detectable amount of [1-(5-Fluoro-pentyl)1H-indol-3-yl](2,2,3,3-tetramethyl cyclopropyl)methanone (known as "XLR-11," "XLR11," and "F-Fluoro-UR-144"), a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), of 1-naphthalenyl(1-pentyl-1H-indol-3-yl)-methanone (known as "JWH-018" and "AM678"), that was intended for human consumption and is treated as a controlled substance in Schedule I of the Controlled Substances Act, in violation of Title 21, United States Code, Sections 813 and 960(b)(3); (ii) from on or about February 10, 2014, until in or about 2019, mixtures and substances containing a detectable amount of methyl (2S)-2-(1-(4-fluoropentyl)-1H-indazole-3-carboxamido)-3,3-dimethylbutanoate (known as "4F-ADB" and "4-fluoro MDMB-PINACA"), a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), of N-[[1-(5-

8

Case 1:20-mj-00609-JRS   Filed 01/22/20   Page 8 of 12   Document 2-1

fluoropentyl)-1H-indazol-3-yl]carbonyl]-L-valine, methyl ester (known as "5F-AMB," "5-fluoro AMB," and "5-fluoro MMB-PINACA"), that was intended for human consumption and is treated as a controlled substance in Schedule I of the Controlled Substances Act, in violation of Title 21, United States Code, Sections 813 and 960(b)(3); and (iii) from on or about April 10, 2017, until on or about December 28, 2018, mixtures and substances containing a detectable amount of N-[[1-(5-fluoropentyl)-1H-indol-3-yl]carbonyl]-3-methyl-L-valine, methyl ester (known as "5F-MDMB-PICA," "MDMB-2201," and "5-flouro-MDMB-2201"), a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), of methyl 2-(1-(5-fluoropentyl)-1H-indazole-3-carboxamido)-3,3-dimethylbutanoate) (known as "5F-ADB" and "5F-MDMB-PINACA"), that was intended for human consumption and is treated as a controlled substance in Schedule I of the Controlled Substances Act, in violation of Title 21, United States Code, Sections 813 and 960(b)(3).

(Title 21, United States Code, Sections 813, 952(a), 960(a), 960(b)(3), and 963.)

### FORFEITURE ALLEGATION

15. As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, TRACY SHELDON, a/k/a "Tracy Zeske," and CHAD ZESKE, the defendants, shall forfeit to the United States, pursuant to

Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

16. If any of the above described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

███████████
Foreperson

Geoffy S. Berm
GEOFFREY S. BERMAN
United States Attorney

11

UNITED STATES OF AMERICA

- v. -

TRACY SHELDON,
a/k/a "Tracy Zeske," and
CHAD ZESKE,

Defendants.

## SEALED INDICTMENT

20 Cr. ___

(21 U.S.C. §§ 813, 841(b)(1)(C), 846, 952(a), 960(a), 960(b)(3), and 963.)

GEOFFREY S. BERMAN
United States Attorney.

███████████████████████████
Foreperson